# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-921V
(Filed: April 27, 2017)

```
* * * * * * * * * * * * *
KEVIN THOMPSON,              *
                             *    Dismissal; Influenza ("Flu") Vaccine;
            Petitioner,      *    Brachial Plexopathy; Insufficient
                             *    Proof.
v.                           *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
            Respondent.      *
* * * * * * * * * * * * *
```

*Franklin John Caldwell, Jr., Maglio, Christopher, & Toale, Sarasota, FL*, for petitioner.
*Amy Kokot, U.S. Dept. of Justice, Washington, DC* for respondent.

## DECISION[1]

**Roth,** Special Master:

On November 21, 2013, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that an influenza vaccination caused him to develop brachial plexopathy. The information in the record, however, does not show entitlement to an award under the Program. On April 27, 2017 petitioner filed a "Motion to Dismiss Petition," requesting that his case be dismissed. ECF No. 71.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner filed three expert reports from Dr. Thomas Wright. Pet. Exs. 13, 20, 24; ECF Nos. 52, 58, 69. Dr. Wright conceded that petitioner had a well-documented issue with his right shoulder and arm, which was symptomatic at the time that he received the influenza vaccination.[3] "Whether this was a flare up of his known radiculopathy or mild early plexopathy is unknown but it is safe to say the process was active and present at the time of the vaccination." Pet. Ex. 20 at 2, ECF No. 58. Dr. Wright was unable to distinguish between petitioner's ongoing neurological issues of the right shoulder and what, if any, additional injuries arose after his vaccine. Additionally, petitioner was unable to provide any proof that the influenza vaccine was administered in his right arm.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his alleged injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] On the day of, but prior to, his receipt of the influenza vaccination, petitioner saw an orthopedic specialist for his arm pain. Additionally, petitioner had had an MRI the day before due to the severity of his symptoms, for which he was taking pain medications.