# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-921V
Filed: December 13, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| KEVIN THOMPSON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object; |
| SECRETARY OF HEALTH | * | Excessive Billing. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Franklin J. Caldwell, Esq.*, Maglio, Christopher & Toale, Sarasota, FL, for petitioner.
*Amy Kokot,, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On November 21, 2013, Kevin Thompson ("Mr. Thompson," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed right brachial plexopathy as a result of receiving an influenza vaccination on November 30, 2012. *See* Petition ("Pet."), ECF No. 1. On April 27, 2017, petitioner filed a Motion to Dismiss Petition. ECF No. 71. On April 27, 2017, the undersigned dismissed this case for insufficient proof, pursuant to Vaccine Rule 11(a). *See* Decision, ECF No. 72.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On November 21, 2017 petitioner filed a Motion for Attorneys' Fees and Costs.  Motion for Fees, ECF No. 76.  Petitioner requests attorneys' fees in the amount of $41,758.30 and attorneys' costs in the amount of $5,515.71, for a total amount of $47,274.01.  *Id.* at 1-2.  In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses.  *See* Pet. Ex. 25, ECF No. 76-1.

On December 5, 2017, respondent filed a response to petitioners' Motion for Fees.  Response, ECF No. 77.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id*. at 3. This matter is now ripe for decision.

### I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings.  *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriguez* v. *Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id*.  This is known as the *Davis County* exception.  *See Hall* v. *Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.* v. *U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch* v. *Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

---

[3] This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*,

2

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Moreover, the "application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine. . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.[4] *See Sabella* v. *Sec'y of Health & Human Servs.*, 86

---

http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

[4] Although respondent's lack of opposition could arguably amount to a waiver of any future objections to this decision, the Vaccine Act permits an award of "*reasonable*" attorneys' fees and costs, § 15(e)(1) (emphasis added), which "compels each special master to determine independently whether a particular request is reasonable." *Savin ex rel. Savin* v. *Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 318 (2008). "This obligation is not suspended—nor the sound discretion and common sense that underlie it rendered inoperable—merely because respondent failed to object." *Id.*; *see, e.g., Scharfenberger* v. *Sec'y of Health & Human Servs.*, 124 Fed. Cl. 225, 234 (2015); *Morse* v. *Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780, 792 (2010). Rather, the petitioner bears the burden of showing that a request for fees is reasonable, and that burden must be satisfied "at the time [the] petitioner submits an application for attorneys' fees." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 91 Fed. Cl. 453, 479-80 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). Any possible "misperceptions regarding fees or costs" (ECF No. 90 at 2) should therefore be addressed in the motion for fees; special masters are "not obliged to offer petitioners' counsel a second chance to do what he should have done *ab initio*." *Savin*, 85 Fed. Cl. at 317; *see, e.g.*,

Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen*, 102 Fed. Cl. at 729.

## II. Discussion

**A.    Reasonable Hourly Rate**

In this case, the majority of counsel's work is performed in Sarasota, FL. Forum rates have been found to apply to the greater Sarasota area. *See Dezern v. Sec'y of Health & Human Servs.*, No. 13-643V, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016).

The requested hourly forum rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel, Mr. Caldwell. *See e.g.*, *DiFazio v. Sec'y of Health & Human Servs.*, No. 09-530V, 2017 WL 2417322 (Fed. Cl. Spec. Mstr. May 10, 2017). However, petitioner has requested an hourly rate of $150 for Jessica Olins, a law clerk, for work performed in 2017, which is outside of the appropriate *McCulloch* range of $128 to $148. Pet. Ex. 26 at 14. Ms. Olins' 2017 hourly rate will be reduced to $148, consistent with the higher end of the appropriate range. Further, it appears that paralegal Kelly Parsons may have mistakenly billed a 2014 entry at an hourly rate of $150. *Id.* at 6. Her rate will be reduced to $135, consistent with her other 2014 billing entries. Accordingly, overall attorneys' fees shall be reduced from $41,758.30 to $41,752.40.

**B.    Hours Reasonably Expended**

Ordinarily, "[w]hen case-related work is performed during travel, the time sheets should reflect the work performed and the hours spent performing it." *O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *7 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (quoting *Gruber ex rel. Gruber* v. *Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 788 (2010)). And "[a]bsent documentation of the work performed by an attorney while he or she was traveling, the attorney will not be compensated at his or her full hourly rate for travel time." *Id.* Instead, those travel hours will be compensated "at one-half the standard hourly rate." *Id.*

Here, 0.3 of the hours billed by Mr. Maglio for travel do not provide any description of work performed during such travel.[5] That time will therefore be compensated at one-half of the normal hourly rate. For these reasons, attorneys' fees shall be reduced from $41,752.40 as determined above to $41,707.40.

---

*Valdes* v. *Sec'y of Health & Human Servs.*, 89 Fed. Cl. 415, 424 (2009); *see also Masias* v. *Sec'y of Health & Human Servs.*, 634 F.3d 1283, 1292 n.10 (Fed. Cir. 2011) (rejecting the argument that "the special master's 'inquisitorial' mode of adjudication" in determining a fee award deprived the petitioner of "an opportunity to challenge the evidence that the special master relied upon").

[5] *See, e.g.* Motion for Fees, ECF No. 76-2, Pet. Ex. 26 at 3 ("Travel by taxi to conference with client").

Moreover, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[6]  For example, there are billed tasks in which attorneys and/or paralegals performed administrative tasks such as reviewing and paying invoices.[7]  Additionally, there are instances of duplicative billing.[8]  Finally, petitioner's counsel billed a total of 14.4 hours from January 10, 2017, to February 9, 2017, for his assistance in preparing a supplemental expert report.[9]  The undersigned finds this excessive, particularly considering that this was the second supplemental report and third report overall submitted by petitioner's expert, and that this report was less than two pages long.  *See e.g.*, *Dezern*, 2016 WL 6678496, at *7 (reducing fee award due to excessive hours billed for assisting in the preparation of an expert report).  Fees for petitioner's counsel have been previously reduced for billing excessive hours in assisting experts. *See McGraw v. Sec'y of Health & Human Servs.*, No. 12-282V, 2017 WL 5662556 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (denying reconsideration of a reduction in fees related to counsel's review of an expert report); *see also Noonan v. Sec'y of Health & Human Servs.*, No. 13-430V, 2017 WL 4856852 (Fed. Cl. Spec. Mstr. Oct. 2, 2017) (reducing petitioner's fee award by 10% due to excessive billing); *Brown v. Sec'y of Health & Human Servs.*, No. 13-594V, 2017 WL 4768120 (Fed. Cl. Spec. Mstr. Sep. 17, 2017) (reducing petitioner's fee award by 10% due to excessive billing); *Bitsui v. Sec'y of Health & Human Servs.*, No. 11-749, 2017 WL 2856407 (Fed. Cl. Spec. Mstr. June 9, 2017) (reducing petitioner's fee award by 10% due to excessive billing).  For these reasons, the undersigned finds that the appropriate amount of attorneys' fees as found above, $41,707.40, should be reduced by 10%.  Accordingly, $ 37,536.66 is awarded in attorneys' fees.

### C.     Reasonable Costs

Petitioner requested a total of $5,515.71 in attorneys' costs.  *See* Motion for Fees, ECF No. 76.  The requested costs consist of $3,125.00 in expert fees, $1,205.00 in costs associated with service of process, and $247.90 in travel costs.  *Id*.  The undersigned finds petitioner's requested costs to be reasonable.

---

[6] The following entries are examples and are not exhaustive; they merely provide a sampling.

[7] *See, e.g.*, Motion for Fees, ECF No. 76-2, Pet. Ex. 26 at 1 ("Review and approve invoice for medical records"); *id*. at 9 ("Review and approve invoice for expert retainer fee. Process payment").

[8] *See, e.g.*, Motion for Fees, ECF No. 76-2, Pet. Ex. 26 at 2 ("Review and download notice of assignment"); *id.* ("Receipt and review of notice of designation"); *id.* ("Review and download ECF designation"); *id.* ("Receipt and review of notice of assignment").  All of these entries are for the same date and event.

[9] *See* Motion for Fees, ECF No. 76-2, Pet. Ex. 26, at 13 (2.3 hours for "Begin collaboration with expert on reporting; medical research re: "standard" progression of brachial neuritis"); *id*. (3.5 hours for "Continue collaboration with expert on supplemental report; medical research re: expected course of brachial neuritis"); *id*. (2.9 hours for "Continued collaboration with expert on supplemental report; review file and medical records in conjunction therewith; medical research re: expected course of brachial neuritis….."); *id*. (2.1 hours for ""Continue collaboration with expert on supplemental expert report; review file, medical records, expert reporting to date, and medical literature re: PTS"); id. (2.0 hours for "continue collaboration with expert on supplemental expert report, including medical research re: "typical" PTS course"); *id*. (0.7 hours for "Finalize collaboration with expert on supplemental report; email expert re: same").

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $43,052.37**,[10] representing reimbursement for attorneys' fees in the amount of $37,536.66 and costs in the amount of $5,515.71, in the form of a check made payable jointly to petitioner and petitioner's counsel, Franklin J. Caldwell, Esq.  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[10] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.